Ahren A. Tiller Esq. [SBN: 250608]
Bankruptcy Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
KATE ALISON S. ALGABRE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE ALISON S. ALGABRE,<br><br>Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA INC.,<br>and DOES 1-10, inclusive<br><br><br>Defendant(s), | Case No.:   **'17CV2374 JLS  WVG**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS FOR OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1. KATE ALISON S. ALGABRE (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against SANTANDER CONSUMER USA, INC. (hereinafter referred to as "Santander" or "Defendant"), and DOES 1-10, inclusive, (hereinafter referred to collectively as "Defendants")

pertaining to actions by Defendant(s) to unlawfully collect a debt allegedly owed by Plaintiff through the use of an Automated Telephone Dialing System and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" (CAL. CIV. CODE §§ 1788-1788.32), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. On August 21, 2017, Plaintiff's Counsel sent a letter via mail and facsimile directing Defendant Santander to cease and desist from calling Plaintiff regarding a debt owed by Plaintiff to Santander, pursuant to the RFDCPA (hereafter "Cease and Desist Letter"). Further, in said August 21, 2017 Cease and Desist Letter, Plaintiff specifically revoked any previously provided consent to telephone Plaintiff on her cell phone through the use of an Automated Telephone Dialing System ("ATDS") as that term is defined in 47 U.S.C. §227(a)(1), and/or an artificial and/or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. §227(b)(1)(A), or by any other means. Despite Plaintiff's clear request in writing for Defendant Santander to cease calling Plaintiff, and therefore her clear revocation of any and all consent to call her via an ATDS and/or Recorded Voice, Santander has called Plaintiff's cellular telephone repeatedly through the use of an ATDS and/or Recorded Voice, often multiple times per day in violation of both the RDFCPA and TCPA. Plaintiff has received approximately 50 calls containing a collection call recording sent using an ATDS and/or Recorded Voice over the span of a mere 90 days. The magnitude and frequencies of these calls have deprived Plaintiff of the use of her cell phone, and caused her emotional distress.

3. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need

to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

4.   The Telephone Consumer Protections Act (hereinafter "TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."  *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5.   In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also, *Mims,* 132 S. Ct. at 744.

6.   As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

---

[1] CA Civil Code §§ 1788.1(a)-(b)

7.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

8.  This action is based upon Defendant's violations of the RFDCPA, which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of United States Code Section § 227, et. seq.

9.  This Court has jurisdiction over each defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendants regularly conduct business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

11. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

13. On information and belief, Plaintiff alleges that Santander Consumer USA Inc., is a consumer finance company that provides vehicle financing and unsecured consumer lending products.  Santander offers new and used car loans, and auto and cash-back refinance services.   Santander provides products through dealers

in the United States.  Santander is a corporation incorporated in Illinois in 1981 with its principle place of business located at 1601 Elm Street in Dallas, Texas. Santander Consumer USA Inc. operates as a subsidiary of Santander Consumer Holdings Inc., a corporation incorporated under the laws of the State of Delaware. Defendant, Santander Consumer USA, Inc. ("Santander"), and at all times mentioned herein was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

14. Defendant Santander regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

15. Defendant Santander collects debts on behalf of itself for defaulted consumer loans, and other similar obligations.  Defendant Santander collects on those consumer debts owed to it through the mail, electronic communication, and the telephone.  Therefore, Santander is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

16. At all times relevant hereto, Santander used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. 227(b)(1)(A).

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  This action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## **GENERAL ALLEGATIONS**

18. Plaintiff incorporates by reference and realleges Paragraphs 1-17 above as if fully stated herein.

19. Plaintiff previously held a consumer credit account with Defendant Santander. Plaintiff made payments toward the account, but eventually fell on financial hardship and was unable to maintain the regular monthly payments.

20. Upon going into default, agents for Santander called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice. The calls were incessant and were usually scheduled by the computer program to call Plaintiff and leave multiple Recorded Voice messages for her to call Santander multiple times per day.

21. Plaintiff sought out and retained Bankruptcy Law Center, APC to represent her with regards to the debt that Santander was collecting on.

22. On August 21, 2017, Plaintiff's Counsel drafted a letter wherein he stated that he represented Plaintiff with regards to any claims held or serviced by Defendant SANTANDER ("Cease and Desist Letter").

23. In the August 21, 2017 Cease and Desist Letter, Plaintiff's Counsel provided Plaintiff's name, and the last four digits of her social security number. In the Cease and Desist Letter, Plaintiff's Counsel clearly revoked consent to contact Plaintiff by any fashion, which included via calling her with the use of an Automated Telephone Dialing System and/or Recorded Voice, as the letter stated in pertinent part on page 1, *"Please be advised that Ms. Algabre has retained Bankruptcy Law Center, APC to represent her with respect to any debts owed to Santander, and therefore **you must end all communications with the above referenced client**. Demand is now made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 via 15 U.S.C. § 1692 that you **cease and desist any and all future communications on any and all accounts associated with Kate A. Algabre.**.."*

1

An excerpt of the Cease and Desist Letter is listed below:

2

3

4

5

6

7



8

Brian J. McGoldrick, Esq.      1230 Columbia St., Ste 1100      Scott N. Orona, Esq.
Ahren A. Tiller, Esq.             San Diego, CA 92101             Brett F. Bodie, Esq.
Carolina K. Tiller, Esq.            Ph.: 619-894-8831            Anika M. Renaud-Kim, Esq.

9

Fax: 866-444-7026
www.blc-sd.com

10

11

Aug 21, 2017

12

*SENT VIA U.S. MAIL TO:*

13

Santander Consumer USA
PO Box 660633

14

Dallas, TX 75266-0633

15

Re: Kate A. Algabre
(AKA: Kate Alison S. Algabre)

16

(x7016---last 4 of social security number)

17

To Whom It May Concern:

18

Please be advised that Ms. Algabre has retained Bankruptcy Law Center, APC

19

to represent her with respect to any debts owed to Santander, and therefore you must
end all communications with the above referenced client.

20

Demand is now made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 via 15

21

U.S.C. § 1692 that you cease and desist any and all future communications on any and all

22

accounts associated with Kate A. Algabre. This letter constitutes written notice pursuant
to Cal. Civ. Code §§ 1788.14(c) that Kate A. Algabre is represented by Bankruptcy Law

23

Center, APC with respect to any debt allegedly owed to Santander and request is hereby

24

made that all communications regarding this alleged consumer debt shall be directed
exclusively to Bankruptcy Law Center, APC subsequent to August 21, 2017. In the event

25

you are unfamiliar with Cal. Civ. Code §§ 1788.14(c), the relevant text of Cal. Civ. Code

26

§§ 1788.14(c) is below:

27

28

1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

Be advised that you are additionally prohibited from any contact, directly or indirectly, with any employer, family member, friend, neighbor, or other creditor of our client.

Since you have now been formally noticed as required by law, any future communications in any form with our client, without express written consent will constitute willful violations of either the FDCPA and/or the RFDCPA and may subject Santander to actual damages, statutory penalties, attorney fees, and costs.

Please feel free to direct any questions or concerns to the undersigned.

Ahren A. Tiller
Attorney At Law
Consumer Bankruptcy Law Specialist, and
Business Bankruptcy Law Specialist
American Board of Certification

24. On August 21, 2017, Plaintiff's Counsel sent the Cease and Desist Letter listed in paragraph 23 above to Defendant Santander via U.S. First Class mail addressed to: Santander Consumer USA, P.O. Box 660633, Dallas, TX 75266-0633.

25. Furthermore, on August 21, 2017, at 3:52pm, Plaintiff's Counsel sent via facsimile the Cease and Desist Letter listed in paragraph 23 above to Defendant Santander at: (800) 417-0251.

26. The phone number: (800) 417-0251 is a facsimile number owned, operated or accessible by Santander.

27. Santander received the Cease and Desist Letter via facsimile on August 21, 2017,

*ALGABRE v. SANTANDER CONSUMER USA Inc., et. al., - Complaint for Damages*

at 3:52pm PST.  A true and correct copy of the fax confirmation is below:

| 8/21/17 3:52 PM | 18004170251 | 01:35 | 2 | Algabre, Kate | Santander | SUCCESS |

28. After Santander received the Cease and Desist Letter, whereby they were informed by her Counsel to cease calling Plaintiff, Santander or its agents, or representatives, continued to make multiple collection calls to Plaintiff's cellular telephone using an Automated Dialing System and/or Recorded Voice from Santander's telephone numbers that shows up on a recipient's caller ID as belonging to Defendant Santander.

29. On information belief, Santander, or its agents or representatives, contacted Plaintiff by on her cellular telephone on at least 50 occasions through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

30. The specific calls are alleged upon information and belief, and may only be a mere a sample of the total calls made by Santander to Plaintiff after receipt of the Cease and Desist Letter sent via facsimile by Plaintiff's Counsel on August 21, 2017.

31. On multiple occasions between August 22, 2017, after receipt of Plaintiff's Cease and Desist Letter, and November 22, 2017, Santander left prerecorded voicemails on Plaintiff's cellular telephone's voicemail.   The prerecorded and/or artificial voice messages stated, *"[H]ello this is Santander Consumer USA. Please contact our servicing department using our toll free number, at 1-888-222-4227.  Again, our toll free number is 1-888-222-4227.  You may also access your account online at www.myautoaccount.com.  Santander appreciates your prompt response.  This is a recording."*  The voicemail, as well as the many others left on Plaintiff's voicemail by Santander were initiated to Plaintiff's cellular phone using an ATDS as defined by 47 U.S.C. §227(a)(1), and/or an "artificial or prerecorded voice" as

prohibited by 47 U.S.C. § 227(b)(1)(A)(iii), after Plaintiff revoked any prior consent to call Plaintiff via the use of the ATDS and/or Prerecorded voice on August 21, 2017.

32. On information and belief, Plaintiff believes representatives of Santander have called Plaintiff in excess of fifty (50) times since receiving Plaintiff's Counsel's August 21, 2017 Cease and Desist Letter.

33. These collection calls made by Santander were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1). Furthermore, a majority of these calls contained an Artificial or Recorded Voice ("Recorded Voice") as that term is defined in 47 U.S.C. 227(b)(1)(A). As is evidenced by the frequency and rapid succession of the call times, the ATDS computer software automatically called the Plaintiff at certain times from random numbers, usually multiple times a day with varying call times. Further, Santander left multiple voicemail messages on Plaintiff's cellular telephone, whereby Santander would leave a prerecorded message identical to one listed on paragraph 31 above.

34. Despite a formal letter from Plaintiff's Counsel, sent via facsimile and U.S. First Class Mail, Santander continues to call Plaintiff to collect on a debt, often multiple times per day in rapid succession, despite being notified in writing that she has retained counsel regarding this debt and has further revoked consent to be called via an ATDS and/or prerecorded voice message. Santander's calls to Plaintiff after receiving receipt of the August 21, 2017 Cease and Desist Letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). The Plaintiff's August 21, 2017 Cease and Desist Letter revoked Defendant's consent to call her via an ATDS and/or Recorded Voice, therefore multiple calls

made by Defendant or its agents after August 21, 2017, like the prerecorded voicemail message detailed in Paragraph 31 above, were made in violation of 47 U.S.C. § 227(b)(1).

35. Plaintiff has received so many collection calls by Defendant that her voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of her cell phone plan.

36. Upon information and belief, Santander regularly makes autodialed telephone calls with Recorded Voices in order to collect on its claims.

37. Upon information and belief, Santander's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

38. Upon information and belief, the telephone equipment used by Santander to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

39. Santander's collection calls to Plaintiff describe herein, were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

40. Santander placed the collection calls described herein to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

41. Santander's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that Santander repeatedly interrupted Plaintiff with an unwanted call using an ATDS and/or prerecorded voice for collection purposes.

42. Through Santander's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

43. Santander's calls forced Plaintiff to live without the utility of her cellular phone by

occupying her cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

44. Santander continues to call and harass Plaintiff despite written instructions that she has retained counsel and to cease all further contact with Plaintiff.  In total, Plaintiff has received at minimum over 50 collection calls from Santander through the use of an ATDS and/or Prerecorded voice, after Santander was notified on August 21, 2017, in writing, instructing Plaintiff to cease all further contact and revoking consent to call her via the use of an ATDS or Prerecorded Voice.

45. As a result of Santander's relentless and harassing collection calls and emails, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety, feelings of hypervigilance, paranoia and depression.  These calls have consumed her day and have caused a severe disruption to her life, due to their severe frequency.

46. As a direct and proximate result of the aforementioned harassment committed by Defendants, Plaintiff has suffered emotional distress.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

### VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### (CAL. CIV. CODE § 1788.14(c))

47. Plaintiff realleges and incorporates by reference Paragraphs 1 through 46, inclusive, as if fully set forth.

48. When Plaintiff's Counsel sent the Cease and Desist Letter to Santander on August 21, 2017, Defendant SANTANDER was aware, or reasonably should have been

aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding this debt.

49. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
>> (c)  Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

50. By calling Plaintiff on her telephone over 50 times after the August 21, 2017 receipt of the Cease and Desist Letter from Plaintiff's Counsel, Santander violated Cal. Civ. Code §1788.14(c).

51. As a result of the constant collection calls from Santander, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by Santander are overwheling.  Plaintiff is constantly afraid to answer her phone and she cringes when her phone rings.

52. Therefore, as a direct and proximate result of the extreme amount of calls, totaling in excess of 50 collection calls in the mere span of 90 days, the Plaintiff has suffered emotional distress.

## II.

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET. SEQ.

53. Plaintiff realleges and incorporates by reference Paragraphs 1 through 52, inclusive, as if fully set forth.

54. On August 21, 2017, Plaintiff revoked Santander's consent in writing, to call her on her cellular telephone via the use of an ATDS and/or Recorded Voice.

55. The foregoing acts and omissions of Santander constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

56. As a result of Santander's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.

## THIRD CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET. SEQ.

58. Plaintiff realleges and incorporates by reference Paragraphs 1 through 57, inclusive, as if fully set forth.

59. The foregoing acts and omissions of Santander constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

60. As a result of Santander's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief herein, respectfully request this Court enter a Judgment against Defendant as follows:

a.  As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls;

b.  As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c.  As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

d.  As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B), and Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

e.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(3)(C), pursuant to 47 U.S.C. §227(b)(1); and

f.  For such other and further relief as the Court may deem just and proper.

Dated: November 22, 2017         By:     /s/ Ahren A. Tiller_____
                                         Ahren A. Tiller, Esq.
                                         Bankruptcy Law Center, APC
                                         Attorneys for Plaintiff

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to the Seventh Amendment to the Constitution of the United States of

3  America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by

4  jury.

5

6  Dated: November 22, 2017              By:    /s/ Ahren A. Tiller_____

7                                             Ahren A. Tiller, Esq.
                                             Bankruptcy Law Center, APC

8                                            Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28